UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, an Ohio Corporation,<br><br>           Plaintiff,<br><br>v.<br><br>MOISES MEDINA, individually; DENISE MEDINA, individually; DENISE MEDINA, as the natural guardian of MICHAEL MEDINA, a minor; and ARTURO ALCALDE, individually,<br><br>           Defendants. | Case No. 2:13-cv-00844-APG-CWH<br><br>**ORDER DENYING MOTIONS FOR ATTORNEY'S FEES**<br><br>(DKT. ##41, 42) |

    I previously granted defendants' motions to dismiss. (Dkt. #35.) Defendants now seek to recover their attorneys' fees incurred in connection with this case. (Dkt. ##41, 42.)

    Federal Rule of Civil Procedure 54(d)(2) permits an award of attorney's fees and costs under appropriate circumstances. In diversity cases such as this, "Nevada state law controls on the question of attorney's fees." *Walsh v. Kelly*, 203 F.R.D. 597, 600 (D.Nev. 2001) (citing *Bevard v. Farmers Insurance Exchange*, 127 F.3d 114 7, 1148 (9th Cir.1997)).

    Defendants request fees under Nevada Revised Statutes §18.010(2) and 28 U.S.C. §1927. Neither of those statutes mandates an award of attorney's fees; rather, the issue is delegated to the discretion of the court. *See* NRS §18.010 ("the court may make an allowance of attorney's fees to a prevailing party"); 28 U.S.C. §1927 (an attorney or party "may be required by the court to satisfy" an award of fees or costs); *Collins v. Murphy*, 951 P.2d 598 (Nev. 1997) (award of fees under NRS 18.010 is discretionary).

    "[T]he recovery of a money judgment is a prerequisite to an award of attorney fees pursuant to NRS 18.010(2)(a)." *Smith v. Crown Fin. Servs. of Am.*, 890 P.2d 769, 774 (Nev. 1995). Because defendants did not recover a money judgment in this case, they are not entitled to

recover their fees under NRS 18.010(2)(a). Moreover, I do not find that plaintiff or its counsel filed or maintained this lawsuit without reasonable grounds. Nor do I find that plaintiff or its counsel multiplied the proceedings unreasonably or vexatiously. Thus, defendants are not entitled to recover their fees under NRS 18.010(2)(b) or 28 U.S.C. §1927.

IT IS THEREFORE ORDERED that the defendants' motions for attorney's fees **(Dkt. ##41, 42) are DENIED.**

DATED this 6th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE